IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　Case No. 3:07 CR 497

　　　　　　　　Plaintiff,　　　　　　　FINAL ORDER
　　　　　　　　　　　　　　　　　　　　OF RESTITUTION
　　-vs-
　　　　　　　　　　　　　　　　　　　　JUDGE JACK ZOUHARY
Darrell M. Crosgrove,

　　　　　　　　Defendant.

　　　Pending before the Court is a Motion for a Final Order of Forfeiture regarding forfeitable substitute assets (Doc. No. 97). The Court finds as follows:

　　　Defendant was convicted after a jury trial of conspiring to commit promotion money laundering, in violation of 18 U.S.C. § 1956(h). The jury returned a special forfeiture verdict finding that $92,200 was involved in or traceable to the promotion money laundering conspiracy in Count 2 of the Indictment and that the United States is entitled to a personal money judgment in that amount against Defendant. The forfeiture allegation in the Indictment included a substitute assets provision pursuant to 21 U.S.C. § 853(p). The forfeitable $92,200, and assets directly traceable to those funds, were unavailable for forfeiture because Defendant deposited the funds in his business bank account and subsequently expended or otherwise dissipated those funds.

The Court previously issued a Preliminary Order of Forfeiture (Doc. No. 80), ordering that $92,200 of the funds in the Leibowitz Memorial Trust account at Monroe Bank and Trust be forfeited to the United States as substitute property pursuant to 21 U.S.C. § 853(p) and Rule 32.2(e), and further ordering that the Government give individual and publication notice of the forfeiture. The Government filed Proof of Publication notice (Doc. 91); Phifer & White filed a timely Reply (Doc. No. 89), pursuant to 21 U.S.C. § 853(n), claiming a non-forfeitable interest in the funds in the Leibowitz Memorial Trust account. A Hearing was held on September 16, 2008 (Doc. No. 96) at which time, Jeffrey Collins, on behalf of Phifer & White, withdrew its objection, acknowledging that *United States v. Campos*, 859 F.2d 1233 (6th Cir. 1988) is controlling and precludes a finding that Phifer & White has a non-forfeitable interest in these funds.

All procedural and substantive requirements of 21 U.S.C. § 853(n) and Rule 32.2(c) regarding ancillary proceedings to adjudicate third party claims have been satisfied.

The Court further finds:

As the result of Defendant's conviction on Count 2 of the Indictment and the jury's subsequent special forfeiture verdict, Defendant shall forfeit $92,200 to the United States.

A money judgment in the amount of $92,200 shall be entered against Defendant in favor of the United States;

$92,200 of the funds in the Leibowitz Memorial Trust account at Monroe Bank and Trust are forfeited to the United States as a substitute asset.

Monroe Bank and Trust shall transfer $92,200 from the Leibowitz Memorial Trust account (the funds which this Court restrained pursuant to the Restraining Order (Doc. No. 77)) to the United States Department of Treasury pursuant to instructions from Internal Revenue Service Forfeiture

Coordinator Steven Braskie, Special Agent, IRS-CID, or his designee. Such instructions may include a requirement that Monroe Bank and Trust issue a cashier's check or similar instrument payable to the Department of Treasury Asset Forfeiture Fund.

The United States shall have clear title to the forfeited $92,200 and can warrant clear title to third parties, including to victims of the Errors and Omissions insurance fraud scheme underlying Defendant's conviction in this case.

Following the transfer of the $92,200 to the United States Department of Treasury, all funds remaining in the Leibowitz Memorial Trust account shall be free of restraint previously imposed by this Court.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

                                              September 23, 2008