IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:07 CR 497 |
| Plaintiff, | SUPPLEMENTAL <u>SENTENCING MEMORANDUM</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Darrell M. Crosgrove, | |
| Defendant. | |

Defendant requested a variance pursuant to 18 U.S.C. § 3553(e), arguing that the proposed Guideline range was excessive in part "based upon his comparatively reduced involvement in the overall fraud" (Doc. No. 101, p. 8). This Memorandum supplements the record hearing on November 17, 2008 when the Court granted a three-level downward variance.

The sentence in this case is guided by the 2005 Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005) which requires the Court to consider the applicable Advisory Guideline Range as a benchmark and also to consider the factors listed in Section 3553(a). The 2007 Supreme Court decision in *Rita v. United States*, 127 S. Ct. 2456 (2007) confirms the Advisory Guidelines are one of the several factors to be considered -- not a legal presumption -- and the Sixth Circuit has reaffirmed that the Guidelines are "truly advisory" and one of the several guideposts of Section 3553(b).

The Court is also guided by the more recent Supreme Court decisions in *Gall v. United States*, 128 S. Ct. 586 (2007) and *Kimbrough v. United States*, 128 S. Ct. 558 (2007) which confirm the Guidelines are no longer mandatory. The range of choices is "significantly broadened," as dictated

by the facts of the case, enabling courts to take account of the Guidelines together with other sentencing goals, to make an "individualized assessment based on the facts presented" as to what sentence Defendant should receive. *Gall*, 128 S. Ct. at 602. *Gall* also rejects a "rigid mathematical formula;" rather the sentencing process involves an exercise in judgment, not mathematical proof, often involving the assessment of competing considerations. *Id.* at 609.

The general mandate of § 3553(a) is that the sentence be sufficient but not greater than necessary to comply with the purposes of that statute. The Court's role is to consider the specifics of this case, balance the several factors from the statute, and arrive at a just punishment.

As the Court indicated at the sentencing hearing, the primary factor in granting a downward variance in this case was the Court's consideration of the sentences received by the two other co-conspirators. Specifically, Haukedahl received a six-level downward variance, as contemplated in his plea agreement, for his voluntary return to the United States from the Dominican Republic. Pursuant to Haukedahl's plea agreement, his Guideline range was 87 to 108 months, and he was sentenced to 108 months.

Co-Defendant Doug Ritson received a six-level § 5K1.1 reduction for his testimony in Crosgrove's trial and for other cooperative efforts. Pursuant to his plea agreement, he was facing 10 to 16 months custody and was sentenced to twelve months. Ritson held a similar position as Crosgrove in the conspiracy.

In the instant case, Crosgrove faced a Guideline calculation of 188 to 235 months. A three-level downward variance resulted in a sentence of 135 months.

A district judge has discretion in determining a defendant's sentence in light of sentences received by co-defendants. *United States v. Simmons*, 501 F.3d 620, 624 (2007). Although not required to consider this type of disparity under § 3553(a)(6), the Sixth Circuit has confirmed that it

is within the district court's discretion to consider the disparity of co-defendants' sentences under § 3553(a)(6). *Id.*

This discretion in the sentencing court was very recently confirmed by the Sixth Circuit in *United States v. Presley*, Case No. 07-1147, _____ F.3d _____ (6th Cir. Nov. 24, 2008). In that case, the Government appealed the district court's resentencing of defendant to 120 months, a downward variance from his Guideline range of 360 months to life. The Sixth Circuit confirmed that it is appropriate for the district court to consider co-defendant's sentencing disparity, "a factor which was fully within the district court's discretion to consider."

In that case, the trial court found that both Presley and Davis were involved in a large-scale cocaine conspiracy. Presley pointed out several § 3553(a) factors favorable to him and also pointed out the disparity with co-defendant Davis who had an agreement with the Government. The Government entered into a "compromise" with Davis which resulted in a significantly lower sentence for him, described as a "windfall." The trial court, in exercising discretion authorized by *Booker*, reduced Presley's sentence to the mandatory minimum of 120 months, noting that it would be "particularly inequitable for Davis to receive a 96 month sentence and Presley a 360 month sentence for the same conduct."

In the instant case, the Court evaluated the similarities and differences between the three Defendants involved in this conspiracy. As the Government highlighted at the sentencing hearing, there are differences in the role that each played. Indeed, each Defendant has received a different sentence, and Crosgrove has received the highest. However, the Court, in balancing the similarities and differences, believes that the 135-month sentence imposed was appropriate after consideration of the § 3553(a) factors and that this sentence strikes the correct balance in consideration of the

3

circumstances and sentences received by Co-Defendants. Finally, this Court believes the sentence imposed was sufficient but not greater than necessary to comply with the statutory purposes.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 26, 2008